6546

## CASON v. WESTERN UNION TEL. CO.

1. EVIDENCE—SECONDARY—TELEGRAPH COMPANIES.—There being no evidence that addressee received a particular message from a certain person, it is not error to exclude a paper offered as a copy of such message in absence of proof that it was an authorized copy.

2. TELEGRAPH COMPANIES—DAMAGES.—Under the facts in this case damages for inconveniences and hardships suffered by walking a long distance cannot be recovered of a telegraph company for failure to deliver to Richard *Cason* a message addressed to Richard *Carson* by B. in reply to a message transmitted to C. for Richard Cason in absence of evidence that defendant had some reasonable ground to believe the message was intended for Richard Cason.

Before PRINCE, J., Abbeville, March Term, 1906. Affirmed.

Two cases: (1) Richard Cason against Western Union Telegraph Co.; (2) David Cason against same. From orders granting nonsuits, plaintiffs appeal.

*Mr. W. N. Graydon,* for appellants, cite: *Evidence as to inconveniences in walking the distance should have been*

*admitted:* 54 S. C., 498. *There was evidence of wilfulness:* 65 S. C., 93; 72 S. C., 256; 73 S. C., 378; 57 S. C., 243; 59 S. C., 523.

*Messrs. Geo. H. Fearons, Evans & Finley, Frank B. Gary* and *Wm. P. Greene,* contra. *Messrs. Evans & Finley* and *Frank B. Gary,* cite: *Company is not liable for mental anguish incidental to contract:* 75 S. C., 208; 72 S. C., 116, 293; 70 S. C., 496; 40 S. C., 524; 74 S. C., 496. *Special damages and notice thereof must be alleged and proved:* 40 S. C., 524; 31 S. C., 52; 72 S. C., 294; 25 S. C., 68.

May 22, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. These two cases depending upon substantially the same facts and principles of law were heard together. Each is a suit in damages for alleged negligent and wilful failure to deliver a telegram. The Circuit Court granted a nonsuit in each case and the appeal is from such order.

The testimony tended to show that the plaintiff in the first named case, Richard Cason, residing in Abbeville County, went to Columbia, S. C., on December 16, 1904, to see his brother, David Cason, plaintiff in the second named case, who was at that time confined in the State Hospital for the Insane. After reaching Columbia he was informed by the superintendent of the hospital that his brother was well enough to be carried home. The plaintiff, not having sufficient means to bear the expenses of himself and brother home, on December 17, 1904, sent two telegrams to his employer, Foster Morris, at Willington, S. C., requesting that he wire plaintiff ten dollars for such purpose, and plaintiff testified that he informed defendant's agent that he was depending on this money from Morris to get home with his brother. On December 17, 1904, the Bank of McCormick filed with

defendant at McCormick, S. C., a telegram addressed to
Richard Carson, Columbia, S. C.: "We will pay your draft
on us for ten dollars." This telegram was never delivered
to the plaintiff, Richard Cason, although he inquired at the
Columbia office on the evening of the 17th, and again be-
tween 9 and 11 o'clock on the morning of the 18th whether
there was any message or money there for Richard Cason
from Mr. Morris. On Sunday morning, the 18th, plaintiff,
Richard Cason, left the hospital with his brother, David
Cason, expecting to receive the money in response to his
telegram to Morris, and when on inquiry at the Columbia
office he found there was no message or money for him,
he, with his brother, boarded the train Sunday morning to
go to their home in Abbeville County with only eighty cents
of money in his possession, notwithstanding Dr. Thompson,
of the hospital, had told him that if he did not get the money
by Sunday morning to come to him and he would arrange
for their transportation home. The plaintiffs rode as far
on the train as they were permitted for seventy-five cents,
and when near Alston, S. C., they were put off the train
they walked to their home near Willington, S. C., a
distance of nearly one hundred miles, reaching home the
following Tuesday. The complaint in each case alleged
that by reason of the failure to deliver said last mentioned
message, plaintiff was without means, was forced to leave
Columbia and to walk from Alston to Willington, was ex-
posed to the weather for three days and nights, suffered
from hunger, was greatly fatigued in body, suffered great
mental anguish, was made ill and lame, to his damage five
hundred dollars.

In order to connect the telegram from the Bank of Mc-
Cormick to Richard Carson with the telegrams from Rich-
ard Cason to Robert Morris, the plaintiff's counsel sought
to introduce in evidence a copy of a message written on one
of the regular blanks of the defendant company, purporting
to be dated Willington, S. C., December 17, 1904, from
R. F. Morris to Jas. E. Britt, McCormick, S. C., in these

words: "Wire ten dollars Richards Cason, Columbia, S. C., my account." Jas. E. Britt was cashier of the Bank of McCormick. There being no evidence that Britt received such telegram from Morris or that the paper offered in evidence was an authorized copy of a telegram received by Britt, there was no error in excluding such paper, and the exceptions based on this ruling cannot be sustained.

The plaintiff, Richard Cason, was not prohibited, as complained in the second and third exceptions, from testifying that having no money he was compelled to walk home and spend three nights on the road. The witness so testified. The Court's ruling was that the witness could not go into his experiences on the road, but the witness was allowed to state that by reason of having no money he suffered from hunger.

The principal question was whether the nonsuit was proper. We think it was. There was no evidence whatever of any negligent or wilful breach of duty to the plaintiff, Richard Cason, in failing to transmit and deliver to him a telegram addressed to Richard Carson, in absence of evidence that the defendant had some reasonable ground to believe that the telegram was intended for Richard Cason. But if the message had been delivered to plaintiff there was no evidence to show that he could have secured the money which was payable on the draft of Richard Carson. Moreover, there was nothing on the face of the telegram or in the facts and circumstances brought to the knowledge of defendant when the telegram was filed to show that it was within the reasonable contemplation of the parties that plaintiff, Richard Cason, would be subjected to the inconveniences and hardships alleged in the complaint as a result of failure to deliver the telegram, or that such alleged hardships and suffering would naturally and proximately result from a failure to deliver the same. Finally, the plaintiffs could easily have avoided all the trouble they experienced if they had applied for trans-

portation to the hospital authorities, as they were directed to do in event the money was not received Sunday morning.

After consideration, we find nothing in the exceptions which would justify a reversal.

The judgment of the Circuit Court is affirmed.